————————o————————

## No. 6064.

## MRS. IDELIA GROSS VEASEY, ET AL. vs. LOUIS R. EISENBERG.

### Syllabus.

1. An exception overruled ''without prejudice to any legal defense on the merits,'' is overruled purely and simply and does not prevent the taking of a default.

2. An answer comes too late after the case is submitted.

3. Where a married woman, without the authorization of her husband, pays a debt for which she is only naturally, but not civilly liable, the payment is not valid and may be reclaimed.

Appeal from the Civil District Court for the Parish of Orleans, Division ''A,'' No. 103,798. Hon. T. C. W. Ellis, Judge.

Paul W. Maloney, for plaintiff and appellee.

A. D. Danziger, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Appellant complains that having filed an exception and same having been overruled "without prejudice to any legal defense on the merits" no default could be taken although no answer was filed.

We fail to appreciate the force of this contention. The overruling of an exception can **never** prejudice any legal defense on the merits, and the addition of words to that effect neither adds to nor detracts from the fact that the exception was overruled purely and simply.

Again appellant complains that his answer, filed **after** the case had been taken under advisement was not considered. This was proper; the time for filing pleas, exceptions and answers, is **before**, not after the submission of the case.

## On The Merits.

Plaintiff, a married woman, purchased a piece of real estate and paid part of the price, all without the authorization of her husband.

She now sues to annul the contract and recover what she has paid on account thereof.

The defense urged is that under the terms of Art. 1758, C. C., her contract obliged her naturally though not civilly, and accordingly, she cannot recover what she has paid pursuant to such an obligation.

Now it is manifest that where our Code says that what is paid on account of a natural obligation cannot be recovered, it speaks only of a payment made by a person not under any incapacity at the time the payment is

— 221 —

made; that is to say, as to minors and married women, a payment made after the minority or coverture has ceased.

Otherwise any contract in which the minor or married woman would have performed his or her part, would no longer be subject to rescission for want of capacity.

For the term "payment" means not only the delivery of money, but any performance or execution of an obligation whatever (C. C., 2131), and of a consequence the sale of his or her property by a minor or married woman would be valid from the moment he or she delivered the same to the purchaser; and since delivery accompanies the public act of sale (C. C., 2479), it follows that from the moment of signing such an act the sale would no longer be subject to rescission; which is a **reductio ad absurdum**, for in that case a sale by public act by a minor or married woman would be perfectly valid at all times.

Hence we find the very case here presented thus stated and resolved by Pothier.

"The only effect of a purely natural obligation is that when the debtor has voluntarily paid, the payment is valid and cannot be reclaimed * * *. But observe nevertheless that the payment by a married woman, of a debt contracted without the authorization of her husband, to be valid must have been made after widowhood, or with the authority of her husband if the marriage still exists. For she has no more capacity to make the payment without her husband's consent than she originally had to make the contract."

**Pothier on Obligations, Part 2, Chapter 2, Article 195.**

The judgment appealed from is correct.

Judgment affirmed.

Opinion and decree, April 20th, 1914.